## SUPREME COURT.

FRANCIS H. MORAN, respondent, agt. WILLIAM McCLEARNS, appellant.

Section 371 of the Code provides for a *modification* of the judgment appealed from —not a *reversal* of the judgment in determining the question of *costs*.

Where the appellant specified in his notice of appeal the grounds of the appeal as follows: 1. The judgment is against the weight of evidence. 2. It is not supported by the evidence. 3. On the evidence the plaintiff was not entitled to recover. 4. The judgment is contrary to law upon the evidence:

*Held*, that these grounds contained no specification in which the judgment should have been more favorable to the appellant, unless they be construed as claiming that it should have been in his favor, instead of being against him, which is equivalent to claiming a reversal, which is not contemplated by this section. It was a wholly useless proceeding.

*Fourth Judicial Department, argued at Syracuse November, 1871. decided at Buffalo General Term, January, 1872. Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*

*By the court,* MULLIN, *P. J.*—By section 371 of the Code, the prevailing party in judgments rendered on appeals, are entitled to costs in all cases, with certain exceptions, and limitations. The first of these exceptions or limitations is, that he is not entitled when the appellant shall in his notice of appeal, specify the particular or particulars in which he claims the judgment, should have been more favorable to him; if he thinks the judgment is for too much, he must specify what its amount should have been. The party recovering the judgment, must then serve on the appellant, an offer in writing to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal. If the appellant accepts the offer, the judgment appealed from

is to be corrected accordingly.   In that event, no costs of the appeal are recoverable by either party.

If such offer be not made, or if made, is not accepted, and the judgment in the appellate court is more favorable for him than the judgment in the court below, or more favorable than the offer, he shall recover costs, provided, however, that the judgment be reversed on the appeal, or be made more favorable to the amount of $10.

It will be seen, that in order to entitle the appellant to costs, he must specify in his notice of appeal the particulars in which he claims the judgment should have been more favorable to him.   If he neglects to do this, he can in no contingency recover costs, unless he obtains judgment in his own favor in the appellate court.

Until he specifies these particulars, the respondent is under no obligation to make an offer to modify or reduce the judgment.

In this case, the appellant in his notice of appeal specifies the following as the grounds on which the appeal is founded, to wit:

1st. The judgment is against the weight of evidence.
2d. It is not supported by the evidence.

3d. On the evidence the plaintiff was not entitled to recover.

4th. The judgment is contrary to law upon the evidence.

There is not, in this notice, any specification of any particular in which the judgment should have been more favorable to him, unless it is to be construed as claiming that it should have been in his favor instead of being against him.

If it is to be thus construed, the condition of the appellant would not be altered, as a total reversal of the judgment of the inferior court, and the rendition of a judgment in favor of the appellant, is not contemplated by section 371 of the Code.

That section provides for a modification, not a reversal of the judgment.   The judgment of the justice is to be cor-

rccted, and as corrected, is to stand as his judgment, and is to be enforced accordingly.

The respondent was not called upon to make an offer, and when one was made, the appellant was not bound to accept or reject it. It was not, and from the form of the notice of appeal, could not be an offer to modify the judgment, as no modification was suggested by the appellant.

It was, therefore, a wholly useless proceeding. Had the appellant accepted the offer, it might be the acceptance would have rendered it binding. But as that question is not in the case, it is unnecessary to consider it.

If I am right in supposing, that the offer does not impair the rights of the respondent to costs, the case is identical with that of *Putnam* agt. *Heath,* decided by this conrt, in September, 1870, and reported in 41 *How.,* 262.

The order of the special term awarding costs to the respondent, must be affirmed, with $10 costs.